IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIA E. WRIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM M. HERMAN, et al. )<br>)<br>Defendants. )<br>) | Civil Action No.  1:05 cv 01179<br>The Honorable Ricardo M. Urbina |

**DEFENDANTS' MOTION TO DISMISS, AND FOR SUCH OTHER AND FURTHER RELIEF WARRANTED BY PLAINTIFF'S FILING OF MULTIPLE ACTIONS INVOLVING THE SAME SUBJECT MATTER AT THE SAME TIME IN THE SAME COURT AND AGAINST THE SAME DEFENDANTS**

Defendants William N. Herman ("Herman"), Eric T. May ("May") and Urban Realty Advisors, LLC ("Urban Realty") (collectively "Defendants"), by their undersigned counsel, respectfully move: (1) to dismiss the complaint in the above-captioned action pursuant to Rules 12(b)(1), and/or 12(b)(6) of the Federal Rules of Civil Procedure; (2) to dismiss and/or stay all proceedings in the above-captioned action until this Plaintiff's other pending case in this Court against the same defendants is resolved; and (3) for a further relief protecting the Defendants and non-party business entities from the Plaintiff's continuous pattern of abusive, harassing and/or vexatious tactics.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, the instant motion should be granted.

          Respectfully submitted,

          /s/ Roger C. Simmons
          Roger C. Simmons (D.C. Bar No. 12195)
          Adam H. Oppenheim (D.C. Bar No. 462581)
          Gordon & Simmons, LLC
          603-B West Patrick Street
          Frederick, Maryland 21701
          (301) 662-9122 (Tel.)
          (301) 698-0392 (Fax)
          Counsel for Defendants

Dated: July 8, 2005

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 8, 2005, the requirement of a certificate of service was satisfied by the automatic notice of filing sent by the CM/ECF software to the opposing counsel of record identified below.

Stephen H. Marcus, Esq.
1050 17th Street, N.W.
Suite 600
Washington, D.C. 20036

Counsel for Plaintiff

                                          /s/ Roger C. Simmons

Z:\CRA Urban\MotionDismissAction1179.wpd

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JULIA E. WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:05 cv 01179 |
| **WILLIAM M. HERMAN, et al.** ) | The Honorable Ricardo M. Urbina |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Upon consideration of Defendants' Motion to Dismiss, and for Such Other and Further Relief Warranted by Plaintiff's Filing of Multiple Actions Involving the Same Subject Matter at the Same Time in the Same Court and Against the Same Defendants, it is this _____ day of _____, 2005

**ORDERED**, that the Motion to Dismiss be, and it is hereby, **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

_____
The Honorable Ricardo M. Urbina
Judge, U.S. District Court for the District of Columbia

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JULIA E. WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:05 cv 01179 |
| **WILLIAM M. HERMAN, et al.** ) | The Honorable Ricardo M. Urbina |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, AND FOR SUCH OTHER AND FURTHER RELIEF WARRANTED BY PLAINTIFF'S FILING OF MULTIPLE ACTIONS INVOLVING THE SAME SUBJECT MATTER AT THE SAME TIME IN THE SAME COURT AND AGAINST THE SAME DEFENDANTS**

Defendants William N. Herman ("Herman"), Eric T. May ("May") and Urban Realty Advisors, LLC ("Urban Realty") (collectively "Defendants"), by their undersigned counsel, have moved: (1) to dismiss the complaint in the above-captioned action pursuant to Rules 12(b)(1), and/or 12(b)(6) of the Federal Rules of Civil Procedure; (2) to dismiss and/or stay all proceedings in the above-captioned action until this Plaintiff's other pending case in this Court against the same defendants is resolved; and (3) for a further relief protecting the Defendants and non-party business entities from the Plaintiff's continuous pattern of abusive, harassing and/or vexatious tactics.

For the following reasons, the instant motion should be granted.

**INTRODUCTION**

Amidst the blunderbuss of multiple shotgun complaints, and now multiple lawsuits in the same Court against the same individuals, Julia Wright is – at best – a disgruntled minority investor in two limited liability companies with failed expectations. In fact, Wright is not an innocent or oppressed minority owner of a limited liability company (or "enterprise", "conspiracy" or so-called

"partnership" depending on which paragraph of which complaint is being interpreted). Plaintiff is an attorney who has sought and continues to seek personal profit from disloyal, unethical, and perhaps illegal conduct, including, without limitation, self-dealing, fraud, diversion of company monies and assets, and intrusion into the electronic business records of a non-party limited liability company in order to steal inside information for personal profit. Because of the seriousness of Plaintiff's conduct and resulting damage to CRA Urban LLC, the foregoing company had no alternative but to seek redress. Thus, on June 24, 2005, CRA Urban commenced a civil action in the Superior Court of the District of Columbia against Julia Wright and Pillar Development, LLC for, *inter alia,* fraud, constructive/equitable fraud, breach of fiduciary duty, unjust enrichment and civil conspiracy. The foregoing complaint in the civil action *CRA Urban LLC v. Julia E. Wright, et al.,* Case No#05 5025, Superior Court of the District of Columbia, is attached hereto as Exhibit A.

The undisputed facts apparent on the face the instant complaint, as well as every other complaint Julia Wright has (thus far) submitted or proposed before this Court, all depict an attorney[1] and sometime businessperson attempting to profit from the labors of others, enabled by her willful failure to bargain.

Julia Wright is an attorney and a minority investor in two limited liability companies who feels she was wrongfully "prevented from acting as an employee . . . or performing any management or other services" (Compl. ¶ 24 C) for or on behalf of these limited liability companies, CRA Urban LLC ("CRA Urban" and/or the "Company") and CRA Urban Venture I LLC ("Urban Venture"), respectfully. In fact, based upon Plaintiff's deceitful, disloyal and damaging conduct while she

---

[1]Julia E. Wright's status as an attorney, admitted to practice in the State of Maryland, and at one time admitted to practice in the District of Columbia, is a matter of public record that this Court can properly take judicial notice of. *See* Exhibit B.

occupied a position of trust and confidence as a manager and/or agent of CRA Urban,[2] Herman and May had an obligation to the Company to halt her ability to inflict further damage. Even if Plaintiff had some right to act as an employee, it is difficult to imagine any legal or equitable rule that would require any company to endure such conduct.

Just as is the case with Wright's previous complaints in this Court, the instant Complaint should be dismissed for lack of subject matter jurisdiction because complete relief cannot be had (or claims even stated) without naming one or more limited liability companies as party defendants, the joinder of which would destroy complete diversity.  Consequently, the Court should dismiss this complaint for lack of subject matter jurisdiction. Even if this Court had subject matter jurisdiction, the Plaintiff again fails to state a claim for which relief could be granted, again having sued the wrong persons for the wrong reasons.

Wright has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants.  Moreover, Plaintiff's escalating pattern of abusive tactics and/or other conduct in flagrant disregard of the rules and orders of this Court warrant other and/or further relief protecting the Defendants and non-party business entities from harassment. Consequently, Defendants ask for a stay of all proceedings in this action until the first is resolved, as well as such other and further relief as the Court deems warranted.

## PROCEDURAL HISTORY

As of the filing of this action, Plaintiff has another pending case in this Court against the defendants Herman and May, a civil action styled as *Wright v. Herman, et al.,* Case No.

---

[2] *See* Exhibit A at ¶ 23 (Wright diverted CRA Urban monies for personal use and caused the Company to suffer a cash crunch and incur debt that it would not have incurred but for her conduct). *See also* Exhibit C.

1:05-cv-00324-RMU, U.S. District Court for the District of Columbia ("*Wright I*").  The initial complaint in *Wright I* was filed on February 14, 2005, purporting to state claims against Herman and May arising from an alleged partnership between and among the parties. Within a few weeks, on March 10, 2005, Plaintiff filed her amended complaint in *Wright I*, purporting to state "alternative" claims under the Virginia LLC statute.[3]   On March 28, 2005, Herman and May then filed their Motion to Dismiss the Complaint, or in the Alternative, Motion for Summary Judgment ("March 28 Motion to Dismiss"), a motion that by Wright's own admission "raises complex issues of choice of law, limited liability company law, partnership law, standing, and federal court jurisdiction."[4]

Plaintiff Wright has not opposed or otherwise responded to the March 28 Motion to Dismiss. Instead, on April 29, 2005, she filed "Plaintiff's Motion to Amend and Supplement the Complaint," together with her "Motion to Dismiss Defendants' Motion to Dismiss Complaint." Shortly thereafter, the Court directed the parties "to complete the chain of briefing on the motion to amend."  Minute Order of May 3, 2005 (*Wright I*).  As Herman and May set forth in opposition to Wright's Motion for Leave to Amend, none of the amended allegations, claims or causes of action confer subject matter jurisdiction or otherwise state a cognizable claim against these individual defendants.

Defendants incorporate by reference herein, Defendants' Motion to Dismiss, or in the alternative for Summary Judgment, together with the affidavit and exhibits thereto, as was filed in connection with the *Wright I* action.

---

[3] This first amendment was filed shortly after counsel for Herman and May informed Plaintiff's counsel in written correspondence of February 28, 2005, that his demands relating to a limited liability company premised on a so-called "partnership" were quite bizarre.

[4] Consent Motion for an Extension of Time for Plaintiff to Oppose Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment at 2, filed April 6, 2005 (*Wright I* ).

**I.     THE COURT SHOULD DISMISS OR STAY ALL PROCEEDINGS IN THIS ACTION, AND CONSIDER OTHER APPROPRIATE RELIEF WARRANTED BY PLAINTIFF'S DELIBERATE CIRCUMVENTION OF RULE 15 AND OTHER CONDUCT.**

   **A.     IMPROPER COMMENCEMENT OF SECOND LAWSUIT IN THIS COURT.**

The Federal Rules of Civil Procedure are intended to encourage the efficient and fair administration of justice. *See* Fed. R. Civ. P. 1 ("[These rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Rule 8 requires that a complaint set forth "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Yet this Complaint constitutes the <u>fourth</u> time this same Plaintiff has asserted (or attempted to assert) a series of claims involving the <u>same subject matter</u> at the <u>same time</u> in the <u>same Court</u> and against the <u>same defendants</u>.

There is no excuse for what Plaintiff has done here. This Plaintiff **already** attempts to add Urban Realty as a defendant, as well as permission to add some of the same causes of action (conspiracy) in her other action. Instead of properly withdrawing and resubmitting her pending motion in *Wright I* so the Defendants can exercise their rights to oppose yet another amendment and/or supplement, and the Court can oversee its docket, Plaintiff just filed another action. The operative complaint in *Wright I* already includes claims about the same subject matter – namely, non-party Urban Venture and the Gage School Project. *See e.g. Wright I* Am. Compl. ¶ 12. Indeed, the *Wright I* Amended Complaint purports to sue for monies extracted from the Gage endeavor as alleged "partnership assets" (without naming the necessary corporate entities).

"The cases are legion that a party may not institute new actions duplicating existing litigation." *Chinn v. Giant Food, Inc.,* 100 F. Supp.2d 331, 333 (D. Md. 2000) citing *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir.1985) ("When a plaintiff files a second complaint alleging the

-5-

same cause of action as a prior, pending, related action, the second complaint may be dismissed.");
*Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C.Cir.1980) (dismissing a claim that was "precisely the same as a count pending in a related case . . . between the same parties before this Court").  Moreover, by commencing this action – while this Court is considering her request to amend her complaint in Civil Action No. 05-00324 – Julia Wright intentionally circumvented Fed. R. Civ. P. 15. Plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3rd Cir.1977).

Thus, just as the Maryland District Court held in *Chinn,* "[t]he principle upon which these decisions are based must be applied here to dismiss the [Complaint] . . .   Otherwise, this court would lose all authority and power to manage its own docket . . . If a litigant were permitted to do that which plaintiffs' counsel assert her clients have the right to do, scheduling and other management orders issued by a court would be entirely without force and effect." 100 F. Supp.2d at 334.  Consequently, Defendants ask that this Court dismiss the instant Complaint, or stay all further proceedings in this second action until the first is resolved.

### B. PLAINTIFF'S PATTERN OF CONDUCT.

"It is clear that at some point, 'a continuous pattern of groundless and vexatious litigation will . . . support an order against further filings or complaints without the permission of the courts." *J.W. Kaempfer v. Brown,* 684 F. Supp. 319, 325 (D.D.C. 1988) (citations omitted).  Defendants believe that this Plaintiff is engaging in just such a pattern.

While unfamiliarity with the Federal Rules of Civil Procedure and the Local Rules may explain one facially negligent act, the clear pattern developing with this Plaintiff is completing a

picture of intentional strategy of harassment. Within days of learning of Plaintiff's brazen circumvention of Fed. R. Civ. P. 15(b) and the Standing Order on Civil Cases by her commencement of the above-captioned action, Defendants' counsel was informed by counsel for HUI, LLC (the entity identified as the "Investor" in the Complaint), that they had been served with a subpoena *duces tecum,* dated June 17, 2005, in connection with the above-identified civil action filed on June 13, 2005.   *See* Exhibit D. While Plaintiff immediately withdrew the patently improper attempt at discovery upon written request of Defendants' counsel, thereby eliminating the need for Court assistance (*See* Exhibits E and F), Plaintiff had accomplished her obvious goal: to inflict additional cost on Defendants, and to harass Defendants with the likelihood that third-parties such as the Investor would be discouraged from providing further investments in projects involving Defendants and non-party entities such as Urban Venture.

It is difficult to fathom, particularly in view of the Standing Order for Civil Cases that controls the above-referenced civil action, and the Court's directive therein for "all counsel to familiarize themselves with the Federal Rules of Civil Procedure (particularly Federal Rules of Civil Procedure 16 and 26)," how Plaintiff's counsel could "inadvertently" fail to know that except in quite limited circumstances (not remotely present here), that: "a party **may not** seek discovery from **any** source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d) (emphasis added). Indeed, the signing, issuing and serving of a subpoena *duces tecum*, **four days** after filing the latest complaint and weeks before any defendant would be required to respond constitutes a clearly improper attempt to circumvent Rules 26(d) and (g) of the Federal Rules of

Civil Procedure.[5]  The  abusive and harassing effect of this tactic is not cured by Plaintiff's withdrawal of the offending use of process. While Defendant does not here seek discovery sanctions, nor have they filed a request for other relief under Rule 11,  the record in this Court must be clear.

This Court has previously recognized that litigants should be protected from vexatious tactics, notably in the context of real estate projects that could be "sabotaged by extensive but baseless claims and litigation efforts which create an aura of commercial unreasonableness, and thus significantly discourage potential permanent lenders." *1250 24th Street Associates Limited Partnership v. Brown,* 684 F. Supp. 326, 330 (D.D.C. 1988).  Defendants (and non-party business organizations)  have a right to be protected from malicious and abusive litigation, and the integrity and legitimacy of the judicial process depends on even handed adherence to the rules. Consequently, Defendants respectfully ask this Court to consider additional appropriate measures, including, without limitation, an order barring Plaintiff from further filings in this Court without prior leave, and such other and further relief as justice may require.

## II.     THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S CLAIMS.

The Court need not tarry with interpreting and parsing Plaintiff's latest conclusory collage of multifarious claims where, as here, the Complaint should be dismissed for lack of standing and

---

[5]This is hardly the first time Plaintiff has played fast and loose with this Court's requirement to seek leave before filing a paper. In *Wright I,* Plaintiff filed an untimely reply memorandum without leave of Court. *See Wright I* Docket Entry No. 12  "REPLY to opposition to motion re 9 amend and supplement the complaint filed by JULIA E. WRIGHT. Though Defendants' Opposition Memorandum was filed and served on May 13, 2005, the Plaintiff inexplicably failed to serve any Reply until May 25, 2005, two days late.  *See* Local Civ. R. 7(d). In this Court, the three-day extension for service by mail and electronic means is to be computed including weekends and holidays -- whether or not the underlying prescribed time period is less than 11 days. *See CNPq-Conselho Nacional v. Inter-Trade, Inc*., 311 U.S.App.D.C. 85, 87, 50 F.3d 56, 58 (1995).

subject matter jurisdiction.   More specifically, pursuant to Fed. R. Civ. P. 19(a), complete relief cannot conceivably be had under the facts alleged in the Complaint without (at a minimum) naming Urban Venture as a defendant party – an entity that is a District of Columbia resident for purposes of diversity.

    **A.**     **APPLICABLE LEGAL STANDARD FOR CHALLENGE TO SUBJECT MATTER JURISDICTION.**

Because a challenge to subject-matter jurisdiction focuses on this Court's power to hear the Plaintiff's claims, the test imposed by a Rule 12(b)(1) motion to dismiss is less forgiving.  A plaintiff must defend a motion to dismiss brought under Rule 12(b)(1) by proving by a preponderance of the evidence that the Court has jurisdiction to hear her claims. *See Am. Fed'n of Gov't Employees, AFL-CIO v. Rumsfeld*, 321 F.3d 139, 142 (D.C. Cir. 2003). In addition, when deciding whether it has jurisdiction to hear a claim, the Court may consider materials outside the pleadings. *Coalition for Underground Expansion v. Minetta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

    **B.**     **URBAN VENTURE IS A NECESSARY PARTY UNDER FED. R. CIV. P. 19(A).**

Wright again sued the wrong people for the wrong reasons.  At best, her claims are either: (1) derivative of the limited liability company's rights, which, if they exist at all, vest in the company*;* or (2) premised upon a purported right to "act[] as an employee . . . or perform[] . . . management or other services" for the company (Compl. ¶ 24 C), the violation of which would only be a contractual breach by the company.

It is well settled that "a plaintiff 'generally must assert [her] own legal rights and interests.'" *General Technology Applications, Inc., v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004), quoting *Hodel v. Irving*, 481 U.S. 704, 711, 107 S.Ct. 2076, 95 L.Ed.2d 668 (1987). In this case, there is no

possible way for Wright to recover under any theory unless she can properly assert the rights of the various entities through which she claims harm. Plaintiff's attempts to interfere with the internal management of multiple legitimate business entities by means of suits brought by herself in her membership capacity against the managing member(s) are contrary to well-settled principles of law. *See generally* POMEROY'S EQUITY JURISPRUDENCE § 1094 (discussing principles that bar individual stockholders from suing individual corporate officers and directors for wrongful acts "whatever the indirect loss occasioned to individual stockholders"). Indeed, "[e]ven if the stockholder alleges that the value of h[er] own stock has been depreciated by the defendants' acts, or that [s]he has sustained other special damage, [s]he is not thereby entitled to maintain the suit." *Id.* Pomeroy's continues, explaining that "[t]he stockholder, having no estate, legal or equitable, in the corporate property, has no *locus standi* in the courts, while the corporation, in which alone are vested the corporate property and franchises, is able and willing to sue for their protection." *Id.*

A limited liability company, in contrast to a partnership, is an entity separate from its members, and it may acquire property, sue, or be sued. The property of such an entity, once acquired, "vests in the limited liability company." DC Code § 29-1016. Moreover, the members of Urban Venture have no "right to demand or receive property (other than cash) in return" of their capital contributions". Urban Venture Operating Agreement § 3.7(b). Because it is Urban Venture's property that gives rise to Wright's alleged legal right (if any) to the financial interests identified in the Complaint (¶ 25), the claims Wright seeks to assert belong to the Venture. Consequently, Wright has no standing to assert Urban Venture's claims for any monies made or not made by or through its business. *See e.g. General Technology*, 388 F.3d at 119 (holding that member of a Virginia LLC lacked standing to individually sue for share of monies from co-member alleged to belong to the

**-10-**

LLC – the claim could only be asserted derivatively).

Since this Complaint states **no** tort claim,[6] Plaintiff's rights, if any, to recover under any theory must flow from her 33 1/3 % membership interest in Urban Venture. As a matter of law, Plaintiff has no right to Urban Venture's interest in Gage School Holdings LLC or the foregoing company's interest in Gage School LLC. *See* DC Code § 29-1016. Nevertheless, the Complaint, on its face, makes a central issue of the management and internal affairs of Urban Venture and, more precisely, whether the alleged and non-fictional actions of Herman and May were conducted in accordance with their good faith business judgment of the best interests of the Urban Venture. The entire premise of Julia Wright's litigation campaign is fatally flawed as she necessarily presumes that Herman and May could somehow protect her alleged rights and interests while at the same time discharge their duties to the company. *See e.g. Berman v. Physical Medicine Associates, Limited,* 225 F.3d 429, 433 (4th Cir. 2000) (rejecting premise that close corporation directors owe fiduciary or contractual duties to individual stockholders, noting that "directors cannot act as fiduciaries in their relationship with employees and at the same time discharge their fiduciary duties to the corporation of which they are directors").

Considering the facts alleged by the non-party limited liability company CRA Urban in the Superior Court action against Wright, and Wright's conduct detailed therein, Herman and May had a clear duty to CRA Urban to protect that company from further damage by Wright. Thus, permitting Wright to maintain **any** action in this Court that *directly* attacks the reasonable business judgment of Herman and May, and whether or not they were properly acting in their capacities as

---

[6]As is explained elsewhere herein, the District of Columbia does not recognize an independent cause of action for civil conspiracy without an underlying tort.

members and/or managing members of non-party limited liability companies, exposes these individual defendants "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [Wright's] claimed interest." Fed. R. Civ. P. 19(a)(2)(ii).

Clearly, Urban Venture's absence from this suit threatens its contractual interests in the Gage School Project. Moreover, the Complaint clearly questions the actions of other non-party entities (including the target of Plaintiff's improper subpoena *duces tecum* served on the "Investor" identified in the Complaint mere days after its filing). Because Plaintiff's rights, if any, against Herman and May in their individual capacity, necessarily require interpretation of the respective operating agreements and the ongoing management and affairs of these non-party companies, "the potential prejudice to [the companies'] interests [are] plainly great enough to require joinder if feasible under Rule 19(a)." *Gellman v. Paul*, 85 F.R.D. 357, 358 (S.D.N.Y. 1980). (even though suit alleged a joint venture between individual plaintiff and individual defendants, because suit involved a dispute over payment allegedly due from income received on a condominium project, a non-party corporate entity who was sole entity entitled to receive payment under condominium project agreement was a necessary party, and case was dismissed because joinder would destroy subject matter jurisdiction). Plaintiff's rights (if any) are entirely distinct from the legal rights and obligations of the business entities she holds minority interests in. Yet her lawsuit attempts to impose a penumbra of non-enumerated rights and obligations into the structure, functioning and management of multiple non-party entities. Indeed, Plaintiff even purports to "allege" a non-existent "right" in the Urban Venture operating agreement out of thin air. *See e.g.* Compl. ¶ 13 A ("Plaintiff alleges that this provision, at a minimum, entitles all Class A Members, including Plaintiff, to vote on the Venture matters"). Putting aside the frivolousness of the foregoing allegation, the Urban

-12-

Venture – an undisputed legal entity – must be a party to a lawsuit such as this one, where the Plaintiff is not only questioning the prudent management decisions of the company's duly authorized constituents, but she is asking the Court to rewrite the operating agreement. A "corporation must be a party to a case where the relief sought would alter the articles of incorporation and direct the duties of the directors." *Bates v. Cekada,* 130 F.R.D. 52, 57 (E.D. Va. 1990), citing *Tower Hill Connellsville Coke Co. v. Piedmont Coal Co.*, 33 F.2d 703, 706 (4th Cir. 1929), *cert. denied*, 280 U.S. 607, 50 S.Ct. 157, 74 L.Ed. 650 (1929) (company and its directors are necessary and indispensable parties if the court's decree seeks in any way to direct or control the company's management).

    **C.**    **BECAUSE THE D.C. RESIDENT URBAN VENTURE IS A NECESSARY PARTY UNDER RULE 19, THE PARTIES LACK COMPLETE DIVERSITY AND THE COMPLAINT MUST BE DISMISSED.**

The Supreme Court has determined that LLCs do not enjoy corporate citizenship for purposes of diversity, instead, they carry the citizenship of their members. *See C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). Just as is the case with every other complaint this Plaintiff has filed (or submitted) in this Court against these Defendants, Plaintiff has deliberately failed to name at least two indispensable party defendants to this action, CRA Urban, LLC, and CRA Urban Venture I, LLC, in an effort to create federal jurisdiction where there is none. Both indispensable parties are citizens of the District of Columbia because at least one of its members (the plaintiff herself) is a resident of this district. As this Court has previously held in a case construing the diversity statute as applied to a Virginia limited liability company having members who reside in the District of Columbia, "[t]here can be no doubt that the defendant [LLC] is a citizen of the District of Columbia because both of its members reside here." *Shulman v. Voyou, LLC*, 305

-13-

F.Supp.2d 36, 40 (D.D.C. 2004). *See also C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (LLCs do not enjoy corporate citizenship for purposes of diversity, instead, they carry the citizenship of their members).[7] Thus, in a case such as this one, "[w]hen a federal court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the court finds that complete diversity does not exist, the court must dismiss the suit." Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d 28, 32 (D.D.C. 1999).

The two District of Columbia LLCs are indispensable parties to the suit; and as such should be aligned as co-defendants. Thus, the plaintiff's assertion of diversity jurisdiction collapses under the weight of its inherent incoherence.

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

Plaintiff's persistent campaign to involve this Court in the daily minutiae of ongoing real estate development projects, and efforts to elevate her frivolous grievances to federal status obscures the undeniable fact that this Plaintiff is no innocent actor with clean hands, and to the extent her business dealings with defendants have not lived up to her expectations, the fault lies with her.

The operating agreement of Urban Venture, a document the Plaintiff negotiated and bargained for at arms length, sets forth in comprehensive detail Plaintiff's limited rights as a minority member of this D.C. limited liability company. In order to purport to state her latest claims,

---

[7]That it is only one of the constituent entity members who resides in the district makes no difference. *See Burton v. Coburn,* No. Civ.A. 04-965(RBW), 2005 WL 607912, *2(D.D.C. March 16, 2005) ("One of the partners of Coburn & Schertler, by the defendants' own admission, is a citizen of Virginia . . ., and because the plaintiff is also a citizen of Virginia, complete diversity of all of the parties is lacking. Therefore, jurisdiction is not vested in this Court.").

Plaintiff "alleges" provisions out of thin air in order to create rights not remotely provided for in the contract. *See e.g.* Compl. ¶ 13 A. Plaintiff evades responsibility for her factual assertions by liberal use of equivocation and non-committal language. *See e.g.* Compl. ¶ 13 C ("The Venture **or** the Investor caused").   **No** mention is made in the written instrument of the purported "partnership" or so-called "enterprise". Indeed, Plaintiff has expressly and unequivocally disclaimed the existence of the purported partnership to the extent she claims a "partnership" interest in the subject matter of the Gage School endeavor. *See* Compl. Exhibit A at Sec. 10.6 (provision in Operating Agreement of CRA Urban Venture I, LLC whereby Wright covenants that said agreement "constitutes the entire agreement of the parties hereto with respect to the subject matter hereof").

In sum, Plaintiff's latest claims are wholly premised upon her purported "rights" of "participation" (Compl. ¶ 24 C), employment, and asserted right to perform "management or other services." *Id.*  These claims amount to nothing more than charges that the majority members of Urban Venture "did not follow fair procedures in deciding to terminate [her alleged] employment" and as such are obligations and duties that are owed, if at all, by Urban Venture to Plaintiff. *See Berman v. Physical Medicine Associates, Limited,* 225 F.3d 429, 433 (4th Cir. 2000).  Herman and May, as members of Urban Venture (or any other limited liability entity), cannot be held **personally** liable for what is, in substantial part, a decision to terminate Plaintiff's employment, and at the same time be able to live up to their duties of loyalty to the company.  Defendants did nothing to create any special obligation that they act primarily for Plaintiff's benefit to the detriment of Urban Venture.  Instead, the parties had a business relationship in which they interacted at arms length within a legal business structure.

Because Plaintiff has no viable cause of action against the Defendants, her conspiracy claim

must also be dismissed. *Griva v. Davison*, 637 A.2d 830, 848-49 (D.C. 1994). Indeed, Plaintiff's does not even attempt to state an underlying tort despite the fact that "there is no recognized independent tort action for civil conspiracy in the District of Columbia" *Halberstam v. Welch*, 227 U.S. App. D.C. 167, 174, 705 F.2d 472, 479 (D.C. Cir. 1983). The remaining counts in this Complaint are contractual in nature – no tort is stated. Consequently, Plaintiff's conspiracy claims are frivolous. A civil conspiracy requires: (1) an agreement between two or more persons; (2) to participate in an unlawful act; (3) causing an injury by the unlawful overt act performed by one of the parties to the agreement; (4) where the overt act was performed pursuant to and in furtherance of the scheme. *Ungar v. Iran*, 211 F. Supp. 2d 91, 100 (D.D.C. 2002). Because the Plaintiff cannot satisfy these elements, her civil conspiracy claims must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed, with prejudice.

Respectfully submitted,

/s/ Roger C. Simmons
Roger C. Simmons (D.C. Bar No. 12195)
Adam H. Oppenheim (D.C. Bar No. 462581)
Gordon & Simmons, LLC
603-B West Patrick Street
Frederick, Maryland 21701
(301) 662-9122 (Tel.)
(301) 698-0392 (Fax)
Counsel for Defendants

Dated: July 8, 2005