# EXHIBIT D

to

**DEFENDANTS' MOTION TO DISMISS, AND FOR SUCH OTHER AND FURTHER RELIEF WARRANTED BY PLAINTIFF'S FILING OF MULTIPLE ACTIONS INVOLVING THE SAME SUBJECT MATTER AT THE SAME TIME IN THE SAME COURT AND AGAINST THE SAME DEFENDANTS**



HUNTON & WILLIAMS LLP
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1109

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

**FAX**

| | | |
|---|---|---|
| **TO** | NAME | Adam Oppenheim Esq |
| | FIRM | Gordon & Simmons |
| | FAX NO.: | (301) 698-0392 |
| | PAGES (INCLUDING COVER): | 10 |
| **FROM** | NAME: | Peter J. Loughlin |
| | DIRECT DIAL: | (202) 955-1986 |
| | DIRECT FAX: | 100 |
| **MESSAGE** | Wright v. Herman, et al. | |

IF PROBLEM WITH TRANSMISSION, PLEASE CONTACT THE SENDER AT THE NUMBER LISTED ABOVE

| | |
|---|---|
| FAX ID: | 02442BADC5E2234 |
| DATE: | Thursday, June 23, 2005 |
| TIME: | 3:59:22 PM |
| CLIENT/MATTER NO.: | 99999.000311 |

This communication is confidential and is intended to be privileged pursuant to the attorney-client privilege and the work-product doctrine. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ Columbia _____

JULIA E. WRIGHT

V.

WILLIAM N. HERMAN, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05CV01179

TO: HUI LLC
c/o Thomas F. Kaufman, Esq.
1900 K Street, N.W., Suite 1200
Washington, D.C. 20006

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule "A" hereto.

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Stephen H. Marcus<br>1050 17th Street, N.W., Suite 600, Washington, D.C. 20036 | 7/11/2005 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Stephen H. Marcus / Attorney for Plaintiff | 6/17/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen H. Marcus, Esq.; 1050 17th Street, N.W., Suite 600, Washington, D.C. 20036
202-776-0651

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE "A"

## DOCUMENTS TO BE PRODUCED

### INSTRUCTIONS

1. Unless otherwise noted, the time period covered by these document requests is from January 1, 2004 to the present.

2. In responding to these document requests, please furnish all documents that are available to you or subject to your reasonable search, including documents in the possession of your employees, attorneys, agents, representatives, consultants, advisors, any other person directly or indirectly employed by, or connected with, you or your attorney, and anyone else otherwise subject to your control.

3. If these document requests cannot be responded to in full, you are requested to respond to the extent possible, to specify the reason for your inability to respond to the remainder, and to state whatever information and knowledge you have regarding the portion to which you were unable to respond.

4. When an objection is made to any document request, state with specificity all grounds for the objection.

5. If any of the documentary material requested is in existence, but not in your possession, custody or control, identify the name and address of the person or entity that has possession, custody or control of said documentary material.

6. If any documentary material requested is no longer in existence, identify its date, author(s), and recipient(s), and state whether it is missing or lost, has been destroyed, or has otherwise been disposed of, and, if destroyed or otherwise disposed of, explain the circumstances surrounding, the reason and authorization for, and the manner

7. All documents relating Urban Realty Advisors.

8. All documents relating to Gage School Holdings, LLC.

9. All documents relating to Gage School, LLC.

10. All documents relating to the Operating Agreement of CRA Urban Venture including, but not limited to, the negotiation of the aforesaid Operating Agreement.

11. All documents relating to the Operating Agreement of Gage School Holdings including, but not limited to, the negotiation of the aforesaid Operating Agreement.

12. All documents relating to the Development Services Agreement including, but not limited to, the negotiation of the aforesaid agreement.

13. All documents relating to the assignment or transfer of CRA Urban's duties, responsibilities and obligations with respect to the Gage School Project under the Development Services Agreement to Urban Realty Advisors including, but not limited to, whether HUI consented to the aforesaid transfer.

24. The term "Urban Realty, LLC" refers to a limited liability company formed under the laws of the State of Maryland in which, on information and belief, Defendants Herman and May are the only members.

## DOCUMENT TO BE PRODUCED

1. All documents relating to the Gage School Project including, but not limited to, the following: progress reports; business plans; expenditures; financial statements; budgets; financial projections; construction timelines and schedules; communications with The Columbia Bank or any other potential lender including, but not limited, to loan applications; services rendered by CRA Urban, Urban Venture, Urban Venture, Herman or May; fees for services rendered by CRA Urban, Urban Venture, Urban Realty, Herman or May; whether the Gage School Project has achieved any of the progress "Milestones" set forth in the Urban Venture's Operating Agreement, Exhibit H and, if not, the reason(s) for such failure; and the amount of time that Herman and May have spent on the Gage School Project; any services or analysis provided under the Gage School Holdings Operating Agreement, ¶ 2.06(b) by an "Operations Auditor."

2. All documents relating to Herman including, but not limited to, all communications to, from or about Herman.

3. All documents relating to May including, but not limited to, all communications to, from or about May.

4. All documents relating to Wright including, but not limited to, all communications to, from or about Wright.

5. All documents relating to CRA Urban Venture.

6. All documents relating to CRA Urban.

19. The term "CRA Urban Venture I LLC" refers to a limited liability formed under the laws of the District of Columbia in which Plaintiff Julia E. Wright and Defendants William N. Herman and Eric T. May are the only members.

20. The term "Development Services Agreement," refers to a contract between Gage School Holdings, LLC and CRA Urban Venture LLC for the development of the Gage School Project.

21. The term "Gage School, LLC" refers to a limited liability company formed under the laws of the District of Columbia in which Gage School Holdings, LLC is the only member.

22. The term "Gage School Holdings, LLC" refers to a limited liability company formed under the laws of the State of Delaware in which CRA Urban Venture and HUI are the only members.

23. The term "Gage School Project" refers to a real estate development project initiated and pursued by Plaintiff Julia E. Wright and Defendants William N. Herman and Eric T. May (and limited liability companies of which they were the only members), and in which HUI LLC was an investor, involving the acquisition of a former District of Columbia public school building known as "The Gage School," located at 2035 Second Street, N.W., Washington, D.C., and the conversion of the building into condominium units and the construction of additional condominium units at the site for sale, subject to certain prior reservation rights in favor of The Howard University's students, faculty, staff members and affiliated employees, to the public.

4

12. All drafts, copies, or preliminary material that is different in any way from any executed, final or original document shall also be within the definition of "document."

13. As used in this Request for Documents, the term "document" shall also specifically include any record which once existed but has since been lost or destroyed.

14. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

15. With respect to any subject matter, the phrases "relating to," "related to," or "relates to," shall mean any information or document that constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, deals with, describes, explains, or is in any way pertinent to that subject.

16. The terms "you" refers to HUI LLC, its members, or anyone acting on its behalf.

17. The use of the use of the singular shall be deemed to include the plural and vice versa. The terms "and" and "or" shall be interpreted liberally as conjunctive, disjunctive, or both, depending on the context, so as to have their broadest meaning. Whenever necessary to bring within the scope of an interrogatory all information that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be construed as the use of the verb in all other tenses. The term "each" includes "every" and vice versa. The term "all" includes "any" and vice versa.

18. The term "CRA Urban, LLC" refers to a limited liability company formed under the laws of the Commonwealth of Virginia in which Plaintiff Julia E. Wright and Defendants William N. Herman and Eric T. May are the only members.

3

## DEFINITIONS

10. The term "communication" as used herein shall refer to any manner or form of information, memorandum, note or message transmission, however produced or reproduced, whether by "document," as herein defined, orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly, to a communication.

11. The term "document" is defined in the broadest sense permissible under the Federal Rules of Civil Procedure, and includes all writings, letters, correspondence, notes, calendars, drawings, including architectural and engineering drawings, graphs, charts, any submittals and/or submission by third parties, invoices, studies, analyses, photographs, phono-records, data compilations, electronic mail, instant messages, documents stored on computer, computer disks (including floppy diskettes, zip disks, CD-ROMS, and hard drives), word processing files, website postings, .pdf or .tif files, slides, graphic material, tapes, computer databases and other data compilations, spreadsheets, schedules, and all forms of information recordation, storage, maintenance, retrieval, whether in traditional documentary form, on audio or video tapes, in computerized form or otherwise (if in computerized form, include all codes, programs, and other information necessary or useful to retrieve and examine such information), and including all nonidentical copies thereof, and all other forms of demonstrative and/or tangible evidence.

2

of such destruction or disposition, state the date or approximate date thereof, and identify the person authorizing the destruction or disposition and the person carrying out the destruction or disposition.

7. Any objection or claim of privilege should be described with sufficient specificity so as to permit an informed ruling by the Court.

8. All responsive documents within your possession, custody or control should be produced. If you decline to produce any document, in whole or in part, on the grounds of any privilege or protection, you are requested to provide, within thirty days of the date hereof, a privilege log that identifies each responsive document that is withheld or redacted for any reason. The privilege log should include the following information for each document:

    (a) Type of document;

    (b) Date;

    (c) Author;

    (d) Addressees;

    (e) Names and addresses of all persons to whom the document has been shown or disseminated;

    (f) The positions and/or affiliations of the author, addressees and recipients as of the date of the document;

    (g) The subject matter of the document; and

    (h) The legal basis for withholding or redacting the document.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.